FANNY M. DRAVO AND FIDELITY TRUST COMPANY, SURVIVING EXECUTORS OF THE WILL OF FRANCIS R. DRAVO, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

JANE M. DRAVO, J. D. BERG, AND L. A. MERTZ, EXECUTORS OF THE WILL OF RALPH M. DRAVO, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 88094, 89366. Promulgated July 27, 1939.

*Wm. S. Moorhead, Esq.*, and *Wm. F. Knox, Esq.*, for the petitioners.

*Harold Allen, Esq.*, and *Lewis T. Matlack, Esq.*, for the respondent.

**OPINION.**

BLACK: In Docket No. 88094 the respondent, under subdivision (c) of section 302 of the Revenue Act of 1926, as amended, included $395,000 in the decedent's gross estate as a result of the transfer in trust made by Francis R. Dravo on January 17, 1931. In Docket No. 89366 the respondent, under subdivisions (c) and (d) of the same act, included $415,000 as a result of the transfer made by Ralph M. Dravo on January 15, 1931. In neither case has the respondent allowed any deduction under section 303 (a) (3) from the amounts thus included under section 302. Petitioners contend that no amount should have been so included under section 302 except the value of certain remainder interests of the Ralph M. Dravo trust and that, should any part payable to such charities as the respective settlors shall designate be held to be includable under section 302, then petitioners are entitled to a deduction in the same amount under section 303 (a) (3). First, we shall consider to what extent, if at all, the respective transfers are includable in the gross estates of the respective decedents.

At the time the two trusts were created in January 1931, the material provisions of section 302 of the Revenue Act of 1926 were as follows:

SEC. 302. The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

\*        \*        \*        \*        \*        \*        \*

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *

(d) To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. * * *

In applying subdivision (c) in his respective determinations, the respondent applied it not as it was originally enacted, but as it was later amended by Joint Resolution of March 3, 1931, Public 131, Seventy-first Congress, and by section 803 (a) of the Revenue Act of 1932. At the hearing the parties stipulated that neither of the transfers in question was made in contemplation of death. In so stipulating, the respondent, in each proceeding, reserved the right to contend for the application of subdivision (c), not as it was originally enacted in section 302, *supra*, but as it was later amended. It is now settled that these amendments to subdivision (c) apply only to transfers made after the dates of their respective adoption. *Hassett* v. *Welch*, 303 U. S. 303. They do not apply here. Subdivision (d) has been amended by section 401 of the Revenue Act of 1934 and by section 805 of the Revenue Act of 1936. The latter amendment is not applicable here, and the former amendment to the extent that it might be applicable is not material. The material provisions of the applicable statute are therefore subdivisions (c) and (d) of section 302 of the Revenue Act of 1926, *supra*, as they existed at the time the trusts in question were created.

In the statements attached to the deficiency notices the respondent gives two principal reasons for including the corpora of the two trusts of Francis and Ralph in their respective gross estates. The first is that the trusts were made in contemplation of death. Since it has been stipulated that such was not the fact, the respondent's first reason requires no further discussion. The second principal reason is that, due to the simultaneous trusts created by Fanny and Jane, each decedent in effect retained during his lifetime the income from the property he transferred, and that such a retention of income brings his transfer within section 302 (c) of the Revenue Act of 1926, as amended by section 803 (a) of the Revenue Act of 1932. As pointed out in the previous paragraph, the amendments to subdivision (c) are not applicable here because of the fact that the trusts were created prior to March 3, 1931. *Hassett* v. *Welch, supra.* The retention or nonretention of income by the decedents in these proceedings is not

a deciding factor. *May* v. *Heiner*, 281 U. S. 238. Therefore, assuming without deciding that the fact that Francis was made the life beneficiary of the trust created by his wife, Fanny, was equivalent under the circumstances to a reservation by Francis in his own trust of the income for life and that the same situation existed as to Ralph M. Dravo, such facts would not enable the Commissioner to prevail. *Hassett* v. *Welch, supra.* In the statement attached to the deficiency notice in Docket No. 89366 the respondent gives an additional reason for including a part of the corpus of Ralph's trust in his gross estate. He says:

> On the death of decedent and wife one-half of the common stock of the Dravo Corporation, however, not to exceed 20 percent of the total trust estate, is to be distributed to employees of the Dravo Corporation, 75 per cent of which is to go to the officers and employees certified to the trustees. Frank R. Dravo, decedent's brother, predeceased decedent, therefore, from the date of the brother's death up until the time of decedent's death the decedent alone possessed the power to shift the economic benefit of the remainder interest amongst the employees due to the power the decedent had to certify who should share in the remainder interest. The cessation of this power brings this portion of the trust principal under Section 302 (d) of the Revenue Act of 1926.

If the remaining part of the corpus of Ralph's trust and all or any part of the corpus of Francis' trust are to be included in their respective gross estates, it must be for reasons other than those contained in the deficiency notices. Cf. *Helvering* v. *Gowran*, 302 U. S. 238. Petitioners contend that, with the possible exception of that part of the corpus of Ralph's trust which went to those officers and employees of the Dravo Corporation as might be certified by Ralph alone after the death of his brother Francis and prior to the death of his wife, Jane, no part of the corpus of either trust is includable under either subdivision (c) or (d) of section 302, *supra.* Probably due to the death of respondent's counsel, Harold Allen, no brief has been filed on behalf of the respondent.

Is any part of the corpora of the Francis R. Dravo trust and the Ralph M. Dravo trust includable in the respective gross estates of the decedents by reason of the provision contained in article second, section 1, of all four trusts, whereby the trustees could in their discretion advance portions of the principal of the wife's trust to her husband and vice versa? In *Allan S. Lehman et al., Executors*, 39 B. T. A. 17, we said:

> It can not be questioned that the decedent gave to his brother, Allan S. Lehman, the right to receive the income for life of the two trust estates created by him and a right to withdraw $150,000 from the principal of the trust estate during his life or until December 31, 1935, in exchange for similar rights of the decedent in the trust estates created by Allan. Up to the date of his death the decedent had the power to bring into his own estate $150,000 of the corpora of the trusts created by Allan  The right to make this withdrawal out of the reciprocal trusts

created by Allan was the equivalent of a right in the decedent to withdraw that amount from the trust estates which he had created. This right had a value at the time of decedent's death of $150,000. It was an interest in property "which ceased by reason of the death." *Edwards* v. *Slocum*, supra. We are of the opinion that the respondent did not err in including the $150,000 in the gross estate of the decedent.

We do not think we have the same situation here as we had in the *Lehman* case. There the decedent gave his brother Allan the absolute and unconditional right to withdraw the $150,000 in exchange for similar rights of the decedent in the trust created by Allan. No such absolute and unconditional rights are present in the instant proceedings. Neither of the decedents here could withdraw any of the principal of his wife's trust at his pleasure, nor could either wife withdraw any of the principal of her husband's trust at her pleasure. Neither Francis nor Ralph ever received any part of the principal deposited under the deeds of their respective wives. Any payment of principal under article second, section 1, of any of the four trusts could be made only in discretion of the trustees, and if they abused this discretion they would render themselves liable to any remainderman whose interest would thereby be adversely affected. Cf. *Higgins* v. *White*, 93 Fed. (2d) 357. We hold that no part of the corpora of the four trusts is includable in the respective gross estates of the decedents by reason of the provision contained in article second, section 1, of all four trusts whereby the trustees could in their discretion advance portions of the principal of the wife's trust to her husband and vice versa.

Is any part of the corpus of the Francis R. Dravo deed includable in the gross estate of Francis upon any ground? That part representing the life estate in his wife, Fanny, took effect in possession and enjoyment at the time of the creation of the trust and no power was reserved to alter, amend, or revoke this life estate. It is not includable in the decedent's gross estate. *Reinecke* v. *Northern Trust Co.*, 278 U. S. 339. The trust deed provided that upon the death of Fanny the remainder was to be divided into three equal parts, designated as parts "A", "B", and "C". All of the remainder interests designated as part "A" vested completely at the time of the creation of the trust, with no power reserved to alter, amend, or revoke, and should not be included in the gross estate. *Reinecke* v. *Northern Trust Co.*, supra. In *Fanny M. Dravo et al., Executors*, 34 B. T. A. 190, we had this identical trust deed before us in connection with the Commissioner's determination that certain income of the trust was taxable to Francis for the year 1931 under section 167 of the Revenue Act of 1928 rather than to the Francis R. Dravo trust. In the course of our opinion we said:

* * * The disposition to be made of parts "A" and "B" shows clearly that none of the corpus of those parts, and consequently, no portion of the accumu-

lated income included thereon, was distributable to Francis R. Dravo, nor could any action of his change the conditions of the trust so as to make such corpus distributable to him.

Although it may well be that no action of Francis could change the conditions of the trust so as to make part "B" distributable to him, yet upon the death of both Fanny and Francis, the trustees were to divide the principal of part "B" among such charities as designated in the latest designation certified to the trustees by Francis before his death. We think that the enjoyment of all of part "B" was subject at the date of Francis' death to a change through the exercise of a power by Francis alone to alter or amend, and that all of this remainder interest should be included in decedent's gross estate under section 302 (d), *supra.* Cf. *Porter* v. *Commissioner*, 288 U. S. 436, the leading case with respect to section 302 (d). The parties have stipulated that the value of this remainder interest at the date of death of Francis was "not in excess of $86,922." This remainder interest is a part of the entire fee which the respondent included at a value of $395,000. Petitioners do not claim nor have they shown that the value of this remainder interest was any less than the amount of $86,922. In view of these circumstances, we hold that the amount of $86,922 should be included in the decedent's gross estate in Docket No. 88094. Whether the entire amount thus included or any part thereof is deductible under section 303 (a) (3) of the Revenue Act of 1926 is an issue to be considered later in this opinion.

As to the 75 percent of part "C" which went to those officers and employees of the Dravo companies "as shall be certified to the Trustees by Ralph M. Dravo and/or Francis R. Dravo * * * At any time during the lifetime of Fanny M. Dravo", we do not think anything should be included in decedent's gross estate. It has been stipulated that the value of the remainder interest of the employees designated to receive 75 percent of part "C" was not in excess of $65,191.

While it is true that Francis had the right to file with the trustees up to the very moment of his death a list of the employees who were to participate under part "C" of his trust and alter, amend, or revoke the proportion which each was to receive, any designation which he might make under this reserved power was by no means final and conclusive as it was in the designation of charities under part "B" discussed above. If the power of designation to be made by Francis had been final and conclusive as to the 75 percent of part "C", then undoubtedly *Porter* v. *Commissioner*, *supra*, would govern. In *that* case, the Supreme Court, among other things, said:

But the reservation here may not be ignored for, while subject to the specified limitation, it made the settlor dominant in respect of other dispositions of both corpus and income. His death terminated that control, ended the possibility of any change by him, and was, in respect of title to the property in

question, the source of valuable assurance passing from the dead to the living. That is the event on which Congress based the inclusion of property so transferred in the gross estate as a step in the calculation to ascertain the amount of what in Sect. 301 is called the net estate. Thus was reached what it reasonably might deem a substitute for testamentary disposition.

But in the instant case, the right of Francis to file with the trustees at any time before his death an altered, amended, or revised list of the employees who were to participate in 75 percent of part "C", was not final and conclusive. He was not "dominant in respect of other dispositions of both corpus and income", as said in the *Porter* case. Any alterations or amendments or revisions which Francis might make in the employees' list might be completely changed after his death by his brother Ralph, who survived him. In view of these circumstances, it seems plain that the death of decedent, Francis, was not the source of valuable assurance of title passing from the dead to the living, for the reason that what he had done was subject to revision and was actually revised by Ralph M. Dravo after Francis' death. Cf. *Helvering* v. *St. Louis Union Trust Co.*, 296 U. S. 39. In the instant case, the power of Francis to control the ultimate disposition of the interest in question was entirely dependent upon whether he survived his brother, Ralph, an occurrence, as in the *St. Louis Union Trust Co.* case, which was entirely fortuitous so far as any control, design, or volition on his part was concerned. As in the *St. Louis Union Trust Co.* case, the death of Francis passed no interest to any of the beneficiaries of the remainder interest of 75 percent of part "C." Cf. *Frederick Davis Van Sicklen*, 35 B. T. A. 306. On this issue involved in Docket No. 88094, we hold for the petitioner.

The case of *Fanny M. Dravo et al., Executors, supra*, in which we held that the income from part "C" was taxable to the settlor in 1931, while involving the same trust as here considered, is distinguishable because the section of the statute there involved was section 167 of the Revenue Act of 1928, involving "income for benefit of grantor"; whereas the section of the statute here involved is section 302 (d), involving estate tax.

As to the 25 percent of part "C" which went to the Dravo Management Co., if in existence, and, if not, to the Dravo Corporation, to be apportioned among the employees of either company, respectively, in such proportions and upon such terms as the respective board of directors should determine, we held in *Fanny M. Dravo et al., Executors, supra*, that, since "control by decedent of either or both of these corporations" was not contradicted, the income from this remaining 25 percent of part "C" should be taxed to the decedent for the same reason as was given for taxing the income from the 75 percent to the decedent. It has been stipulated in these proceedings that the

Dravo Management Co. never came into existence and that at no time during their respective lives did Francis or Ralph control the Dravo corporation. In view of this stipulation we are of the opinion and hold accordingly that the remainder interest represented by this 25 percent of part "C" took effect in possession and enjoyment at the time of the creation of the trust, with no power reserved to alter, amend, or revoke by either Francis R. Dravo or Ralph M. Dravo, and that it should not, therefore, be included in Francis' gross estate. *Reinecke* v. *Northern Trust Co., supra.*

Is any part of the corpus of the Ralph M. Dravo deed includable in Ralph's gross estate upon any ground?

For the same reasons as given in the case of Francis above, we hold that the life estate in Ralph's wife, Jane, the $5,000 remainder interest payable to Frank Pettit, 25 percent of the remainder interest specified in article second, section 4, of the trust deed, and all of the remainder interests specified in article second, sections 5, 6 and 7, of the trust deed should not be included in Ralph's gross estate. On the other hand, we hold that the value at date of death of Ralph of the remainder interest mentioned in article second, section 2, of the trust deed which was distributable to officers and employees of the Dravo Corporation and the value at date of death of Ralph of 75 percent of the remainder interest specified in article second, section 4, of the trust deed, should be included in the decedent's gross estate. It has been stipulated that the total value of the remainder interests referred to in the preceding sentence at the date of death of Ralph was "not in excess of $19,949." These remainder interests are a part of the entire fee which the respondent included at a value of $415,000. Petitioners do not claim nor have they shown that the value of these remainder interests was any less than the amount of $19,949. In view of these circumstances, we hold that the amount of $19,949 should be included in the decedent's gross estate in Docket No. 89366.

This is a different holding from that which we made as to the remainder interest of the employees in 75 percent of part "C" in the Francis R. Dravo trust. The reason for this different holding is that the situations are fundamentally different. At the time of the death of Ralph, Francis was dead and therefore, there was no one but Ralph himself who had the power to alter, amend, or revise the list of employees who were to participate in the remainder interest of this part of the Ralph M. Dravo trust. This right to alter, amend, or revise was absolute and "dominant" in Ralph as to 29,167 shares of Dravo Corporation stock at the time of his death and ceased by reason of his death. This, we think, makes the case of *Porter* v. *Commissioner, supra,* clearly applicable. We understand petitioners' brief to concede as much. But petitioners do not make the same

concession with reference to the remainder interest covered by section 8 of article 2 of the Ralph M. Dravo trust. Petitioners contend that nothing is to be included in decedent's gross estate as to this contingent remainder interest. On this point, we agree with petitioners.

The provisions of article second, section 8, of the Ralph M. Dravo deed, without repeating them in detail, are provisions which relate to a mere contingent remainder where decedent at the time of his death retained the right to designate the employees and the charities who were to receive the remainder interest in the event that Elizabeth Dravo Harlow died without issue. Whether Elizabeth would die without issue could not be foreseen at the time of decedent's death. Nothing, we think, is required to be included in the decedent's gross estate by reason of these provisions. *Helvering* v. *St. Louis Union Trust Co.*, *supra*; *Becker* v. *St. Louis Union Trust Co.*, 296 U. S. 48; *Frederick Davis Van Sicklen et al.*, *Executors*, *supra*; *Rothensies* v. *Cassell*, 103 Fed. (2d) 834.

The only matter left for decision is whether the respondent erred in refusing to allow any deduction in Docket No. 88094, under section 303 (a) (3) of the Revenue Act of 1926, as amended by section 807 of the Revenue Act of 1932, by reason of article second, section 2 (b), of the Francis R. Dravo deed. The material provisions of the applicable statute, as amended, are:

SEC. 303. For the purpose of the tax the value of the net estate shall be determined—

    (a) In the case of a resident, by deducting from the value of the gross estate—

    \*      \*      \*      \*      \*      \*      \*

    (3) The amount of all bequests, legacies, devises, or transfers \* \* \* to or for the use of any corporation organized and operated exclusively for religious, charitable, scientific, literary, or educational purposes \* \* \*. *If the tax imposed by section 301, or any estate, succession, legacy, or inheritance taxes, are, either by the terms of the will, by the law of the jurisdiction under which the estate is administered, or by the law of the jurisdiction imposing the particular tax, payable in whole or in part out of the bequests, legacies, or devices otherwise deductible under this paragraph, then the amount deductible under this paragraph shall be the amount of such bequests, legacies, or devises reduced by the amount of such taxes.* The amount of the deduction under this paragraph for any transfer shall not exceed the value of the transferred property required to be included in the gross estate; and \* \* \*. [Matter in italics was added by section 807 of the Revenue Act of 1932.]

On the same day that Francis created his trust and again on September 30, 1931, he, by virtue of article second, section 2 (b), designated Lehigh University, Valley Hospital, and St. Barnabas' Free Home as the charities entitled to receive part "B" of the remainder after the death of himself and his wife. The parties have stipulated that these organizations were at the date of death of Francis and continue to be such charitable organizations as are referred to in sec-

tion 303 (a) (3), *supra.* The reason for the respondent's refusal to allow any deduction for charities on account of the remainder designated as part "B" was due to that part of article second, section 1, of the trust deed which provided:

The Trustees may advance portions of the principal hereof to or for the use or benefit of the Creator's said wife, at such times, in such amounts and for such purposes as the said Trustees in their opinion may deem advisable.

The respondent contends that by reason of the above quoted provision it is impossible to determine what amount, if any, will pass to charity under the trust deed. The parties, however, have stipulated that at the date of death of Francis the value of the remainder interest, if any, of the charities entitled to receive part "B" in the Francis R. Dravo deed was not in excess of $86,922. We have held that this amount should be included in the decedent's gross estate under section 302 (d) on account of the power reserved by Francis to change the list of charities, which power was "dominant" in him at the time of his death. In their brief petitioners argue in part as follows:

The Commissioner, as we have said, refuses to allow the deduction to charities on account of the possibility that the remainder interest may be depleted by payments of principal out of the trust fund. If that position is correct, it is manifest that the remainder interest, over which Francis R. Dravo had the right to designate to charities, was subject to diminution by the possibility of payments out of principal. It is said by the Commissioner that the value of the charitable deduction is uncertain on account of the possibility of payments out of principal. We say the same argument applies to the value of the remainder interest to be included in the gross estate. The question, however, is of no importance because whatever is included in the gross estate, as the value of the interest over which Francis R. Dravo had the power to appoint to charities, must of necessity be the value of the interest which goes to charities; that is to say, the amount of the charitable deduction.

We think this argument is sound and we hold that petitioners in Docket No. 88094 are entitled to a deduction for the charities designated by Francis prior to his death in the amount of $86,922, reduced by the amount of such taxes referred to in section 807 of the Revenue Act of 1932 as may be payable in whole or in part out of the bequests so designated. Cf. *Humphrey* v. *Millard,* 79 Fed. (2d) 107; and *Ithaca Trust Co.* v. *United States,* 279 U. S. 151. There is a line of cases—*W. C. Knoernschild et al., Executors,* 35 B. T. A. 886, as an example—which hold that, where a trustee under a will has power to distribute corpus to a life beneficiary of the will with remainder to charity, a deduction for charity will not be allowed. These cases are distinguishable, we think, from the instant case in that in such cases there is no question as to the value of the property to be included in the gross estate, to wit, the entire value of the property of the decedent at the date of his death, whereas, in the instant case only the value of the remainder interest can in any event be included and

whatever that remainder is (in this instance $86,922) goes to charity. And whatever definitely goes to charity is deductible under section 303 (a) (3). The parties have stipulated that "If the Board should be of the opinion that any deduction for charities, allowable to the Francis R. Dravo Estate, is subject to deduction for a proportionate part of Federal estate tax the amount of said deduction will be agreed upon between counsel at the time of settlement under Rule 50." Since petitioners have not made any contention that the deduction for charities should not be so reduced, we assume that the parties are in agreement as to this point.

Reviewed by the Board.

*Decisions will be entered under Rule 50.*