## COCKRELL v. UNITED STATES.

### No. 44832.

Court of Claims.

As Amended as of June 2, 1941.

David Barnett, of New York City, for plaintiff.

Elizabeth B. Davis, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, both of Washington, D. C., on the brief), for defendant.

Before WHALEY, Chief Justice, and LITTLETON, WHITAKER, JONES, and MADDEN, Judges.

WHITAKER, Judge.

The question involved in this case is whether or not the transfer in trust of certain property by Clara G. Drewry on September 9, 1932 is subject to the gift tax imposed by section 501 of the Revenue Act of 1932, 47 Stat. 169, c. 209, 26 U.S.C. A. Int.Rev.Acts, page 580.

The trust provided that the income therefrom should be paid to the settlor during her life, and, in addition, if in any one year such income should fall below $12,000 the trustees were required to make up the deficit from the corpus of the estate, and such encroachment upon the corpus was not to be repaid even if the income of future years exceeded $12,000. The trust also provided that in case of illness of the settlor or in any other personal emergency, the trustees were authorized in their discretion to make such additional payments from the principal as in their discretion they might think necessary. Upon the death of the settlor, the remainder was to be distributed to certain named beneficiaries.

The seventh paragraph of the trust reads as follows: "The Trustees shall have such additional powers as the Settlor by any future instrument in writing delivered to the Trustees may grant to them, the right to grant such powers being hereby expressly reserved to the Settlor."

In Estate of Sanford v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed.. 20, the Supreme Court held that a gift was not complete and, therefore, not subject to the tax, where the power remained in the settlor either to revoke the trust or to alter the disposition of the property in any way, whether for his own benefit or not. Such power is plainly reserved under the above-quoted paragraph of the trust instrument. Under it the settlor might grant power to the trustees to change the beneficiaries and their distributive shares, or even to pay over the entire corpus of the property to the settlor, on certain contingencies. So long as this power remained in the hands of the settlor, the remaindermen could never be sure what interest in the trust property, if any, they might eventually receive.

It is unnecessary to consider the effect of the power granted the trustees to encroach upon the corpus of the estate for the benefit of the settlor, since we think it clear that under the authority of Estate of Sanford v. Commissioner, supra, and cases there cited, the seventh article of the trust makes the gifts incomplete and not subject to the tax.

It results that the plaintiff is entitled to recover from the defendant $7,710.60, with interest as provided by law on $4,107.89 from March 20, 1934; on $1,516.00 from March 15, 1935; on $149.26 from October 31, 1936; and on $1,937.45 from March 16, 1936. It is so ordered.