**FIDELITY UNION TRUST COMPANY and Neil C. Hurley, Jr., as Executors of the Last Will and Testament of Myer Hurley, Deceased,**

v.

**The UNITED STATES.**

No. 110–53.

United States Court of Claims.

Nov. 30, 1954.

Malcolm B. Hoyt, Newark, N. J., for plaintiffs. William G. Wood, Newark, N. J., on the brief.

Elizabeth B. Davis, Washington, D. C., with whom was Asst. Atty. Gen. H. Brian Holland, for defendant. Andrew D. Sharpe, Washington, D. C., on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

WHITAKER, Judge.

Plaintiffs are the executors of the estate of Myer Hurley, who died on February 12, 1943. They sue for refund of estate tax resulting from the inclusion in the estate of the decedent of the value of property conveyed by the donor in trust for the benefit of named beneficiaries.

The propriety of its inclusion depends upon the proper construction of the third article of the trust, which reads:

"The Trustee shall have such additional powers as the Grantor, by any future instrument in writing delivered to the Trustee, may grant to it, the right to grant such powers being hereby expressly reserved to the Grantor."

By the second article of the trust the trustee was given power to sell any part of the trust property and to reinvest the proceeds; to appraise the trust property, and to distribute it in accordance with such appraisal; to determine what constituted principal or income; to exercise subscription rights; to participate in refunding plans or corporate reorganizations, and to make such contributions or payments in connection with such transactions as the trustee might deem advisable.

Plaintiffs say that the reservation of the right by the grantor to grant

additional powers to the trustee was limited to powers of the nature of those set out in the second article of the trust. If this is so, the value of the trust property was not properly includible in the gross estate; but we find no such limitation on the power reserved.

The third article reads: "The Trustee shall have such additional powers as the Grantor * * * may grant to it * * *." This does not say such additional powers of the nature set out in the second article. It says "such additional powers as the Grantor * * * may grant to it," without limitation. This could well include the power to change the distributive share of a beneficiary on certain contingencies. We so construed an almost identical provision in a trust instrument in Cockrell v. United States, 39 F.Supp. 148, 94 Ct.Cl. 109, 119.

If this is the correct construction of such a provision, then the property was properly includible in the gross estate under section 811(d) (2) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 811 (d) (2). This requires the inclusion of trust property "where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke * * *" the terms of the trust.

In Sanford's Estate v. Commissioner, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20, the question was whether a gift was complete where the power to alter, amend, or revoke it was retained by the donor. In that case the Court said, 308 U.S. at pages 43–44, 60 S.Ct. at page 56:

"* * * a retention of control over the disposition of the trust property, whether for the benefit of the donor or others, renders the gift incomplete until the power is relinquished whether in life or at death. The rule was thus established, and has ever since been consistently followed by the Court, that a transfer of property upon trust, with power reserved to the donor either to revoke it and recapture the trust property or to modify its terms so as to designate new beneficiaries other than himself is incomplete, and becomes complete so as to subject the transfer to death taxes only on relinquishment of the power at death."

If the gift was not complete, then the property was still a part of the donor's estate and upon his death was properly includible in his gross estate.

Plaintiffs' motion for summary judgment is denied; defendant's cross motion is granted, and plaintiffs' petition is dismissed.

JONES, C. J., and LARAMORE, MADDEN, and LITTLETON, JJ., concur.