Robert W. WINCHELL, Administrator-With-Will-Annexed of the Estate of Jane H. WINCHELL, Deceased, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. 904–58.

United States District Court
S. D. California,
Central Division.

Jan. 8, 1960.

Adams, Duque & Hazeltine, James B. Issacs, Robert D. Redford, Los Angeles, Cal., for plaintiff.

Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for defendant.

HARRISON, District Judge.

Plaintiff, as administrator-with-will-annexed of the Estate of Jane H. Winchell, seeks refund of estate taxes paid in the sum of $89,321.37, together with interest, alleged to have been erroneously assessed and collected. Jurisdiction of the court is based on Title 28 U.S.C. § 1346(a) (1).

On November 19, 1928, while a resident of New York, decedent created the trust which is the subject of this litigation. The subject matter of the trust included extensive security holdings. She later moved to California, where she died October 16, 1950.

The value of this trust had not been included in the gross estate by the administrator. The Collector of Internal Revenue thereafter determined, however, that the trust was includible under the provisions of § 811(d) (2), Internal Revenue Code of 1939, Title 26 U.S.C. A deficiency was assessed and later collected. Plaintiff seeks refund of the taxes paid on this trust, claiming the trust by its terms does not come within the provisions of § 811(d) (2) and hence should not be taxable.

Section 811(d) (2), I.R.C.1939, 26 U. S.C., provides for inclusion in the gross estate on the value of certain property as follows:

"(d) Revocable transfers

\* \* \* \* \* \*

"(2) Transfers on or prior to June 22, 1936. To the extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend or revoke \* \* \*."

In Paragraph First of the trust instrument the dispositive provisions are set forth, including a reservation of the income for life by the settlor and elaborate provisions for distribution of the remainder after her death. Paragraph Second states: "The Trustee and its successors shall have and are hereby given the following powers": the powers to sell, to value assets, to determine what constitutes income and principal, and to exercise conversion or subscription rights. Paragraph Third, on which the Collector based his determination of taxability, provides:

"The Trustee shall have such additional powers as the Grantor by any future instrument in writing delivered to the Trustee, may grant to it, the right to grant such powers being hereby expressly reserved to the Grantor."

Paragraph Fourth sets forth the investment powers of the trustee. Remaining paragraphs deal with other administrative aspects of the trust.

The Collector interpreted the right to grant "additional powers" to the trustee as including the right to grant powers to alter the beneficial enjoyment under the trust. The plaintiff, on the other hand, argues that only the right to grant additional powers of management was reserved. The initial question, then, is one of interpretation.

Thus it will be seen that the nub of this case is the failure of the drafter of the trust agreement to insert the word "administrative" between the words "additional" and "powers". Some eagle-eyed revenue agent discovered this omission and hence this litigation. It was upon this theory that the case was presented to me. It is easy to understand Paragraph Third as it was drawn when the clouds of 1929 were about to break. The court recognizes that the revenue of the government must be protected, but I do not subscribe that the government should resort to unwarranted means in its attempt to destroy the intent of one who is not now here to defend herself. I believe the government of the United States can always afford to be fair and not attempt to take advantage of a possible technical defect. Courts as yet have not been organized for the purpose of redistribution of wealth.

Paragraph Seventh of the trust instrument states:

"The trusts hereby created shall be administered in the State of New York and in all respects shall be governed by the laws of the State of New York."

■■ It is recognized that the state law creates legal rights and interests in trust. Whether those rights and interests so created are taxable is determined by reference to the federal revenue laws. Morgan v. Commissioner, 1940, 309 U.S. 78, 626, 60 S.Ct. 424, 84 L.Ed. 585, 1035. The nature of the rights and interests in trust "depends upon the interpretation placed upon the terms of the instrument by state law." Helvering v. Stuart, 1942, 317 U.S. 154, 162, 63 S.Ct. 140, 87 L.Ed. 154. The court, then, must construe this trust instrument in accordance with New York law, before the federal revenue law is applied.

■■ The New York courts, in construing an ambiguous instrument such as the one now before the court, follow the general rule that a trust instrument is to be construed as a whole, with no undue emphasis on any given word or phrase. In re Schwedler's Estate, Sup. 1952, 113 N.Y.S.2d 306; City Bank Farmers Trust Co. v. Macfadden, Sup. 1946, 65 N.Y.S.2d 395; 90 C.J.S. Trusts § 161(g) (1). A trust instrument should be construed so as to give effect to the intention of the grantor. In re Schwedler's Estate, supra, 90 C.J.S. Trusts § 162. Where ambiguity exists, as it does here, a long-standing interpretation of the instrument by interested parties should be considered. As stated in Helfrich's Estate v. Commissioner of Internal Revenue, 7 Cir., 1944, 143 F.2d 43, at page 46:

"There is no doubt that the settlor's subsequent acts are of great significance in construing an ambiguous trust instrument."

See also, Wooster Rubber Co. v. Commissioner of Internal Revenue, 6 Cir., 1951, 189 F.2d 878; 2 Scott on Trusts (6th Ed.) § 164.1; 6 Mertens Law of Federal Income Taxation § 36.29. A New York court has expressed this concept of practical construction of a trust instrument as follows:

" * * * evidence of acts or statements subsequent to the date of the trust indenture are relevant as bearing upon the intention of the settlor."

In re Nicol's Trust, 1956, 3 Misc.2d 898, 148 N.Y.S.2d 854, 863. See also, In re Sandford's Estate, 1938, 277 N.Y. 323, 14 N.E.2d 374; 90 C.J.S. Trusts § 165(c).

As a matter of practical construction of the trust instrument and, more particularly, of Paragraph Third, no attempt

to change the terms of the trust in any way was made in the twenty-two years after its creation until the decedent's death. However, the decedent did transfer her right to the income under the trust, not by attempting to amend the trust, nor by the exercise of any powers that the defendant claimed she had but rather by an assignment, in which she stated that she was "desirous of disposing of her interest in said trust".

In contrast to the provisions of Paragraph Third of this trust, decedent had created another trust in 1942, naming the same corporate trustee, in which she expressly reserved, as settlor, the power to alter the beneficial enjoyment under the trust. Paragraph Third speaks only of giving the trustee additional powers.

■ While the term "power", as used in trust law, may refer to the authority to change the beneficial enjoyment under a trust or to manage a trust or to both (see, for example, Real Property Law of N. Y.; McKinney's Consolidated Laws, c. 50, § 131), its meaning must be derived from the context in which it is used.

■ In drafting Paragraph Third of this trust instrument, if the reservation of authority had been expressly limited to "additional administrative powers", rather than, as worded, "additional powers", the intent of the grantor would have been much easier to ascertain. Absent such express language, however, the phrase "additional powers" must be construed in context. That is, the trust instrument must be read as a whole to ascertain intent.

Paragraph Second of the trust instrument grants certain "powers" to the trustee, namely, the authority to sell, to value assets, to determine what constitutes income and principal, and to exercise conversion or subscription rights. These powers are all of a managerial nature. They are limited both in number and scope. Paragraph Third then goes on to provide that the trustee shall have "such additional powers" as the grantor may grant. Managerial power over investments is given the trustee by Paragraph Fourth.

The court feels that Paragraph Third must be interpreted as being a continuation of Paragraph Second. That is, the meaning of the term "additional powers" in Paragraph Third must be derived from the use of the term "powers" in Paragraph Second, where only managerial or administrative authority was granted. Thus, the court interprets the reservation of power in Paragraph Third as limited to the authority to grant additional administrative or managerial power. No authority to change the beneficial enjoyment was reserved by the decedent under Paragraph Third, nor was the same ever exercised.

Having established the nature of the interest reserved to the grantor by applying the rules of construction that New York courts utilize, the estate tax consequences must be considered.

■ Section 811(d) (2), I.R.C.1939, Title 26 U.S.C., applies only where the beneficial enjoyment of trust property is subject to alteration by the grantor, alone or in conjunction with another. Powers of management alone, not affecting the beneficial interests under the trust, even if held by the grantor, would not bring a trust within the scope of § 811(d) (2). Reinecke v. Northern Trust Co., 1929, 278 U.S. 339, 49 S.Ct. 123, 73 L.Ed. 410; Dort v. Helvering, 1934, 63 App.D.C. 98, 69 F.2d 836, certiorari denied 293 U.S. 569, 55 S.Ct. 80, 79 L.Ed. 668.

■ The limited right reserved by the grantor, namely, the right to grant additional administrative powers to the trustee, was not sufficient to bring the trust within the scope of § 811(d) (2), I.R.C. 1939. A taxpayer, such as the decedent, can transfer an interest in property and thereby reduce the size of the estate. Reinecke v. Northern Trust Co., supra. The decedent exercising her right to arrange her affairs so as to reduce tax burdens, United States v. Dally, D.C.S. D.N.Y.1958, 165 F.Supp. 194, did not reserve sufficient control over the trust to bring it within the scope of § 811(d)

(2), I.R.C.1939. Consequently, the value of this trust was erroneously included in decedent's gross estate.

An additional and alternative basis exists for the determination in favor of the taxpayer. Whatever the nature of the power involved, by the terms of § 811(d) (2), I.R.C., Title 26 U.S.C., that power must be exercisable by the grantor alone or in conjunction with another.

Paragraph Third of the trust instrument, as noted above, provides that additional powers may be granted to the trustee. The grantor reserved no powers directly exercisable by herself to change the beneficial enjoyment under the trust. Thus, any possible powers that the grantor might exercise to change the beneficial enjoyment under the trust would have to be in the capacity of trustee, which capacity she did not have.

Paragraph Fifth of the trust instrument provides:

"The trustee may resign at any time or apply to any proper court for the settlement of its accounts and to be relieved and discharged from this trust * * * If, during the lifetime of the Grantor, the trustee should resign or cease to act, the Grantor shall have the right, which is hereby reserved to her, to appoint a successor."

Section 811(d) may apply when the grantor can change the beneficial enjoyment under a trust either as grantor or as trustee. Van Beuren v. McLoughlin, 1 Cir., 1958, 262 F.2d 315, certiorari denied 359 U.S. 991, 79 S.Ct. 1120, 3 L.Ed.2d 979. Under New York law a grantor could appoint himself as trustee. Id. When the grantor is not the trustee, for the grantor to be considered to have the same power as the trustee, the grantor must have the unqualified right to remove the trustee and make herself trustee. Loughridge's Estate v. Commissioner of Internal Revenue, 10 Cir., 1950, 183 F.2d 294 certiorari denied 340 U.S. 830, 71 S.Ct. 67, 95 L.Ed. 609. Van Beuren v. McLoughlin, supra. The Loughridge rule was incorporated into Federal Estate Tax Regulation § 20.2038–1, as follows:

"* * * if the decedent has the unrestricted power to remove or discharge a trustee at any time and appoint himself trustee, the decedent is considered as having the powers of the trustee. However, this result would not follow if he only had the power to appoint himself trustee under limited conditions which did not exist at the time of his death."

Although this regulation relates to § 2038 of the 1954 Internal Revenue Code, 26 U.S.C.A. § 2038, that section is substantially identical to § 811(d) (2), Internal Revenue Code of 1939. Thus, the regulation is applicable to this case.

Paragraph Fifth of the trust, it will be noted, did not give the grantor the unrestricted right to make herself trustee. Only if the trustee should "resign or cease to act" could the grantor appoint a successor. At the time of decedent's death the corporate trustee had neither resigned nor ceased to act. The limited conditions under which the decedent might have made herself trustee did not in fact exist at the time of her death. Consequently, as Estate Tax Regulation § 20.2038–1 states, the grantor is not considered as having the powers of the trustee at the time of her death.

Thus, irrespective of the nature or scope of the additional powers that might be given to the trustee under Paragraph Third of the trust instrument, those powers were not exercisable by or attributable to the decedent at the time of her death, as she had not reserved the unqualified right to replace the trustee and make herself trustee. For § 811 (d) to apply, power to change the beneficial enjoyment under the trust must be exercisable by the grantor alone or in conjunction with another. Decedent had no such power.

Plaintiff is entitled to judgment as prayed for. Counsel for plaintiff is directed to submit proposed findings and judgment in accordance with the rules of this court.