UNITED STATES of America,
Appellant,

v.

Robert W. WINCHELL, Administrator
with Will Annexed of the Estate of
Jane H. Winchell, Deceased, Appellee.

No. 16991.

United States Court of Appeals
Ninth Circuit.

April 10, 1961.

Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Harry Baum, Gilbert E. Andrews, Jr., Attys., Dept. of Justice, Washington, D. C., Laughlin E. Waters, U. S. Atty., Edward R. McHale, Asst. U. S. Atty., Los Angeles, Cal., for appellant.

Adams, Duque & Hazeltine, Los Angeles, Cal., James B. Isaacs and Robert D. Redford, Los Angeles, Cal., of counsel, for appellee.

Before HAMLEY, JERTBERG and KOELSCH, Circuit Judges.

JERTBERG, Circuit Judge.

The appellee was successful in the district court in securing a judgment against appellant in the sum of $89,919.-03 for federal estate taxes which appellee claimed had been erroneously assessed and collected, plus interest and costs. Appellant appeals from such judgment.

The district court had jurisdiction under Title 28, U.S.C.A. § 1346(a) (1). This Court has jurisdiction under Title 28 U.S.C.A. §§ 1291 and 1294.

The broad question presented on this appeal is whether the value of the corpus of a trust created by decedent on November 19, 1928 is includable in the gross estate of the decedent.

The material facts are not in dispute. The decedent, Jane H. Winchell, died testate, a resident of Beverly Hills, California, on October 16, 1950. The Beverly Hills National Bank and Trust Company, executor of the last will and testament of the decedent, filed a timely federal estate tax return, but did not include the value of the corpus of a trust created by decedent on November 19, 1928 in the gross estate of decedent. The determina-

tion by appellant that such value should be included in the gross estate resulted in tax deficiencies which were paid by the appellee. Upon the resignation of the executor on April 5, 1955, Robert W. Winchell was appointed administrator with will annexed of the decedent's estate. Following the rejection of his claim for refund the present action was filed.

On November 19, 1928, by an indenture bearing that date, decedent created a trust and appointed the Chase National Bank of New York City as trustee thereunder. At the time of the creation of the trust, decedent was a resident of and domiciled within New York City. The property conveyed in trust consisted of stocks and bonds.

Paragraph First of the indenture in part provided that the trustee shall hold the trust estate during the lifetime of decedent, in trust, to collect the income therefrom and pay the same to her in quarterly payments during her life, and the trustee was authorized to pay from time to time to said decedent out of the trust estate such amounts not exceeding in the aggregate $20,000 as in its absolute discretion may be necessary to her comfort in any one or more emergencies. This paragraph provides also that upon the death of the decedent the trust is to terminate, and the trust estate is to be distributed to various members of decedent's family or close relatives.

The trust further provides, among other things, as follows:

"Second: The Trustee and its successors shall have and are hereby given the following powers:

"To sell and transfer all or any part of the trust Estate in such manner and on such terms as the Trustee may deem advisable, and, if in reinvesting the proceeds the Trustee shall purchase bonds or other obligations at a premium, it shall not be required to amortize such premium out of the income subsequently derived from such investment or otherwise.

"In making any division or distribution of the Trust Estate, to value and appraise any assets thereof and to distribute such assets at such appraised value in kind, any such valuation or appraisal to be conclusive against all persons interested hereunder.

"To determine any question which may arise as to what constitutes income and principal as between any beneficiary entitled to income and any remaindermen, such determination to be conclusive against all persons interested hereunder.

"To exercise any conversion privileges and/or subscription rights available in connection with any securities comprising a part of the Trust Estate; to participate in any plan for the refunding or readjustment of any stocks, bonds or other securities or for the enforcement of any obligations or securities by foreclosure or otherwise, or in any corporate consolidation or reorganization which may affect any property of the Trust Estate, or in any plan or proceeding therefor, or for protection of the interest of holders of such securities, and to exercise and enforce any rights that may be offered or available in connection with any such matters, and to make such contributions or payments in connection with any such matters as the Trustee may deem advisable.

"Third: The Trustee shall have such additional powers as the Grantor, by any future instrument in writing delivered to the Trustee, may grant to it, the right to grant such powers being hereby expressly reserved to the Grantor.

\*　\*　\*　\*　\*　\*

"Fifth: The Trustee may resign at any time or apply to any proper court for the settlement of its accounts and to be relieved and discharged from this trust. During the lifetime of the Grantor such resignation shall be deemed complete upon the delivery by the Trustee to the

Grantor of an instrument in writing duly executed by the Trustee and declaring such resignation. If, during the lifetime of the Grantor, the Trustee should resign or cease to act, the Grantor shall have the right, which is hereby reserved to her, to appoint a successor.

\* \* \* \* \* \*

"Seventh: The trusts hereby created shall be administered in the State of New York and in all respects shall be governed by the laws of the State of New York."

Decedent never granted any additional powers to the trustee. On December 27, 1949, however, decedent assigned her right to payment of the net income of the trust during her lifetime to her daughter-in-law, Elizabeth Winslow Winchell. This assignment contains the following recital immediately preceding the assignment clause:

"Whereas, she is desirous of disposing of her interest in said trust to said Elizabeth Winslow Winchell, her daughter-in-law, named in said Indenture as Elizabeth W. Winchell, as and for the latter's separate property:"

The trustee under the trust indenture never resigned nor ceased to act as trustee during the lifetime of the decedent.

The district court held that the value of the corpus of said trust was not a part of decedent's gross estate and was not includable in her gross estate for federal estate tax purposes under the provisions of Section 811(d) (2) of the Internal Revenue Code of 1939.

The pertinent statute and Treasury regulation are:

"Sec. 811. Gross estate.

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated, except real property situated outside of the United States—

\* \* \* \* \* \*

"(d) Revocable transfers—

\* \* \* \* \* \*

"(2) Transfers on or prior to June 22, 1936.—To the extent of any interest therein of which the decedent has at any time made a transfer by trust or otherwise, where the enjoyment thereof was subject at the date of his death to any change through the exercise of a power, either by the decedent alone or in conjunction with any person, to alter, amend, or revoke, or where the decedent relinquished any such power in contemplation of his death, except in case of a bona fide sale for an adequate and full consideration in money or money's worth. Except in the case of transfers made after June 22, 1936, no interest of the decedent of which he has made a transfer shall be included in the gross estate under paragraph (1) unless it is includible under this paragraph; \* \* \*" 26 U.S.C.1952 ed. Sec. 811.

Treasury Regulations 105 (1942):

"§ 81.20 Transfers with power to change the Enjoyment—

"(a) Transfers included. (1) Subsection (d) of Section 811 embraces a transfer by trust or otherwise \* \* \* when at the time of decedent's death the enjoyment of the transferred property, or some part thereof or interest therein, was subject to any change through a power exercisable either by the decedent alone, or by him in conjunction with some other person or persons, to alter, or amend, or revoke, or terminate \* \* \*" (7 Fed.Reg. 1444 (1942).)

The decision of the district court in favor of appellee was based on alternate grounds. See Winchell v. United States of America, D.C.1960, 180 F.Supp. 710. Findings of fact were made on both grounds. The district court found: (1) that paragraph Third of the trust indenture, which reserved to decedent the right to grant "additional powers" to the trustee, was limited to powers of an ad-

ministrative or managerial nature only which might become necessary to the orderly and effective administration of said trust, and that no such provision or any other provision of said trust permitted the decedent to change the economic benefits of the property held in trust; (2) that the powers which the decedent could grant the trustee under paragraph Third could have been exercised only by the trustee had such powers been granted; (3) that the decedent had no right to direct or otherwise join in the exercise of such powers by the trustee had such powers been granted; and (4) that decedent did not have the unrestricted right at the date of her death to appoint herself as trustee.

The district court concluded that the enjoyment of the property transferred to the trust was not, at the date of decedent's death, subject to a change through the exercise by the decedent alone or in conjunction with any other person of the power to alter, amend or revoke the trust within the meaning of Section 811(d) (2), and that the trust property was not, therefore, a part of the decedent's gross estate.

On this appeal appellant contends that the foregoing findings and conclusions are contrary to law and not supported by the evidence.

We have reached the conclusion that the judgment of the district court must be affirmed on the ground that the "additional powers", even if construed to be plenary, had such powers been granted, would have been exercisable only by the trustee, and that the decedent did not have, at the time of her death, the right to direct or otherwise join in the exercise of such powers by the trustee, and therefore the value of the trust property does not come within the ambit of Section 811 (d) (2) which is only applicable where, at the time of decedent's death, the enjoyment of the trust property is subject to a change through the exercise of that power by the decedent, either alone or in conjunction with another. In view of the conclusion which we have reached, we deem it unnecessary to pass upon appel-

lant's contentions that the district court erred in holding that the "additional powers" reserved to the decedent under paragraph Third were limited to powers of an administrative or managerial nature, and erred in overruling the objections of appellant to the admission of certain extrinsic evidence bearing upon decedent's intent in the inclusion of paragraph Third in the trust indenture.

The primary position of appellant is that decedent, reserving without qualification the right to confer "additional powers" on the trustee, retained powers to alter, amend or revoke the beneficial enjoyment of the income and principal of the trust within the purview of Section 811(d) (2). In support of that position appellant relies primarily on the Estate of Sanford v. Commissioner, 1939, 308 U.S. 39, 60 S.Ct. 51, 84 L.Ed. 20. In that case the Supreme Court held that a gift which was not complete is not subject to a gift tax where the donor reserved the unrestricted right to modify any and all of the trust, subject only to the limitation that he could not amend for his own benefit. Appellant assumes that the decedent in the instant case reserved the right to alter, amend or revoke the trust because of the existence of her reserved right to grant additional powers to the trustee. In Sanford, it is clear that the donor reserved the right to alter or amend the trusts. The reserved right in the instant case to grant "additional powers" to the trustee is not the same as the reserved powers in Sanford. Hence, Sanford does not answer the question raised in the instant case, which is whether or not the decedent retained the right to modify the trust in a manner which would change the beneficial enjoyment.

Under the plain language of paragraph Third, the reserved right of the decedent to grant "additional powers" to the trustee, if granted, were exercisable only by the trustee and not by the decedent, nor by the decedent in conjunction with the trustee. Appellant overlooks the distinction between (1) the right of decedent to grant a power to the trustee, and (2) the reservation to the decedent of the

right to change beneficial enjoyment. This distinction clearly appears in Section 811(d) (2), which lays down as the sole test for determining whether a transfer is includable in a decedent's estate the following, "where the enjoyment thereof was subject at the date of his death to any change *through the exercise of a power,* either by the decedent alone or in conjunction with any person, to alter, amend or revoke, * * *" (Italics added.) In our view, Section 811(d) (2) does not operate to include the value of the corpus of a trust in a decedent's gross estate where the power to revoke the trust or change beneficial enjoyment is vested in and exercisable by a trustee or some other third person. Helvering v. St. Louis Union Trust Co., 1935, 296 U.S. 39, 56 S.Ct. 74, 80 L.Ed. 29; Commissioner of Internal Revenue v. Hofheimer's Estate et al. (Hofheimer's Estate v. Commissioner), 2 Cir., 1945, 149 F.2d 733; Herzog v. Commissioner, 2 Cir., 1941, 116 F.2d 591.

Appellant has called to our attention two cases decided by the Court of Claims. They are Cockrell v. United States, 1941, 39 F.Supp. 148, 94 Ct.Cl. 109, a gift tax case; and Fidelity Union Trust Co. v. United States, 1954, 126 F.Supp. 527, 130 Ct.Cl. 147, an estate tax case. In Cockrell the court held that a trust containing language identical to the language of paragraph Third in the instant trust rendered the gift incomplete at the date of transfer and not subject to the gift tax. In Fidelity the court held that a provision in a trust instrument identical to the one in Cockrell reserved to the decedent the power to change the beneficial enjoyment of the trust property, and that the value of the trust property was required to be included in the decedent's gross estate under Section 811(d) (2). Appellant states that to affirm the judgment of the district court in the instant case would be in conflict with the decision reached in Fidelity. We agree with such statement, but are not persuaded thereby to change our views. In our view, the Fidelity case is in conflict with the cases cited in the preceding para-

graph of this opinion, and completely ignores the distinction existing in Section 811(d) (2) between the existence of a reserved right in a decedent to grant "additional powers" to a trustee, and one who has the right to change beneficial enjoyment through the exercise of such additional powers, if granted. The latter was not discussed nor apparently considered by the court in Fidelity.

■ Under paragraph Seventh, the trustee had the right to resign and thereby be relieved and discharged of its duties. Only should the trustee resign or cease to act did the decedent have the right to exercise her reserved right to appoint a successor trustee. The parties agree that under the laws of the State of New York, if the reserved right had become exercisable during decedent's lifetime, decedent could have appointed herself as successor trustee. From this appellant argues decedent could in two steps exercise her reserved power to change the beneficial enjoyment of the trust property in conjunction with the trustee. We recognize that if the decedent had the right to remove the trustee and to appoint herself in that capacity, the necessity of taking two steps to change beneficial enjoyment of the trust property would not bar inclusion of the value of the trust property in decedent's gross estate. Estate of Loughridge v. Commissioner, 10 Cir., 1950, 183 F.2d 294, certiorari denied 1950, 340 U.S. 830, 71 S.Ct. 67, 95 L.Ed. 609; Van Beuren v. McLoughlin, 1 Cir., 1959, 262 F.2d 315, certiorari denied 1959, 359 U.S. 991, 79 S.Ct. 1120, 3 L.Ed. 2d 979; Estate Tax Regulations Section 20.2038–1, promulgated under Section 2038 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 2038, 23 Federal Register 4555. In support of its "two-step" argument, appellant cites Du Charme's Estate v. Commissioner, 6 Cir., 1947, 164 F.2d 959; Thorp's Estate v. Commissioner, 3 Cir., 1947, 164 F.2d 966, certiorari denied 333 U.S. 843, 68 S.Ct. 660, 92 L. Ed. 1126; Van Beuren v. McLoughlin, supra; Hurd v. Commissioner of Internal Revenue, 1 Cir., 1947, 160 F.2d 610. In Du Charme's Estate, the trust instru-

ment authorized the decedent as co-trustee to diminish or extinguish the remainder interest of his children and to change the enjoyment of the trust property. The trust instrument also provided that it could be amended or changed on the written request of decedent's wife and with his written approval as co-trustee. In Thorp's Estate, the trust instrument provided that the trust could be terminated in whole or in part at any time on written request of the beneficiaries delivered to the trustees and the decedent and the consent thereto in writing by the decedent. In Van Beuren, the grantor reserved an unrestricted (although unused) power to remove the trustee and replace him. In Hurd the trustor under the trust indenture was a co-trustee with his wife. The trustees were authorized during the life of the trustor or his wife, if in their opinion the circumstances required, to pay over the principal of the trust in whole or in part to the wife, with eventual distribution of the residue, if any, to the daughter's issue. We find these cases to be inapposite.

The district court found that the trustee never resigned nor ceased to act as trustee during the lifetime of decedent. The decedent had no right reserved in the trust, or any other legal right, to remove the trustee or to appoint herself as trustee. In the instant case decedent had the legal right only to take the first step, i. e., to exercise her reserved right to grant "additional powers" to the trustee, but she had no legal right to take the second step, i. e., to exercise the powers if granted.

Finally, appellant contends that the affirmance of the district court's judgment "would produce anomalous results, i. e., that a transfer in trust incomplete for gift tax purposes by virtue of a grantor's retention of the right to confer plenary powers upon a trustee would nevertheless be complete for estate tax purposes because the mechanics for the exercise of those powers fell outside Section 811(d) (2)." We recognize that the gift and estate tax laws are in *pari materia* and must be construed together. Estate of Sanford, supra. We believe that the result reached by us in this case is not inconsistent with the principles enunciated in Sanford. If it is the purpose of appellant's contention to suggest that we should follow the result reached in Fidelity Union Trust Co. v. United States, supra, we must decline to do so. We agree with the concession appearing in appellee's brief, and reiterated on oral argument, that the value of the property transferred was subject to the imposition of the gift tax.

The judgment of the district court is affirmed.